# UNITED STATES DISTRICT COURT
## NORTHERN DISTRICT OF GEORGIA
## ATLANTA DIVISION

| | | |
|---|---|---|
| BLUE ECHO CARE LLC dba | ) | |
| AMAZON SELLER BLUE ECHO CARE | ) | |
| | ) | |
| Plaintiff, | ) | Civil Action No. 1:20-cv- |
| | ) | |
| v. | ) | |
| | ) | JURY TRIAL DEMANDED |
| CHRISTOPHER ACKERMAN | ) | |
| | ) | |
| Defendant. | ) | |

## COMPLAINT

Plaintiff Blue Echo Care LLC doing business as Amazon Seller Blue Echo Care  ('Plaintiff' or 'Blue Care'), and for its Complaint against Defendant Christopher Ackerman ('Defendant' or "Defendant Ackerman') alleges as follows:

### I.   NATURE OF THE ACTION

1. Plaintiff seeks emergency injunctive judicial assistance because Defendant has 1) eliminated Plaintiff's highest grossing products through fraudulent complaints; 2) trashed Plaintiff's listings' goodwill and selling velocity, and 3) ignored Plaintiff's resolution efforts.  Defendant's latest malicious tactics evidences his calculated willingness to hurt and eliminate honest competitors, such as Plaintiff Blue Care.

2. This is a cause of action to remedy Defendant's anti-competitive, tortious, and fraudulent behavior against Blue Care on the Amazon.com selling platform.

3. Defendant does business as Amazon Seller Hear Clearly and competes directly with Blue Care by selling ear washer products on Amazon.com.  To unfairly eliminate Blue Care, Defendant has filed multiple, serial Amazon Patent Infringement Reports ('Amazon Complaints') despite prior art that invalidates the asserted patent and patent non-infringement of the accused product.



*Asserted Patent*                 *Prior Art*                 *Accused Product*

4. Specifically, Defendant Christopher Ackerman has manipulated Amazon's IP Infringement Reporting procedure by filing false patent infringement claims against Plaintiff.  Such claims are fraudulent because products were on sale over a year before the patent's filing date, rending the patent invalid.  *See* Prior Art image (above, center).  In addition to this statutory bar, Plaintiff's accused products (above, right) do not include the one claimed limitation that overcame

2

the Examiner's rejection.  Thus, the asserted patent (figure above, left) is invalid, and even if it was valid, the accused products do not infringe.

5. Subsequently, when caught, Defendant Ackerman withdrew the infringement reports only to reassert his claims later.

6. Similarly, this Defendant Ackerman has asserted his bogus claims through the Amazon's Utility Patent Neutral Evaluation Program.  Again, when caught, he withdrew the claims against Plaintiff.

7. Currently, Defendant Ackerman filed his same complaints resulting in Plaintiff's listings' suspension. Fully knowing the effects of his disruption, Defendant is content in locking his competition in e-commerce limbo.

8. In addition to damages, Plaintiff Blue Care seeks a temporary and preliminary injunctive relief preventing Defendant Ackerman from permanently destroying Plaintiff's livelihood.

## II.    JURISDICTION AND VENUE

9. Blue Care's patent invalidity and non-infringement claims arise under the Declaratory Judgment Act, 28 U.S.C. §§ 2201-02, and under the patent laws of the United States, Title 35 of the United States Code.  Accordingly, this Court has jurisdiction over the subject matter of this Complaint under 28 U.S.C. §§ 1338(a), 1367, and 2201.

10.     This Court may exercise personal jurisdiction over Defendant Ackerman because he has transacted and continue to transact business in this judicial district and division.

11.     Further, this Court has personal jurisdiction over Defendant Ackerman because he has knowingly and actively engaged in tortious acts in this District.

12.     This Court has supplemental jurisdiction over Plaintiff's Georgia state-law claims pursuant to 28 U.S.C. § 1367, in that the state law claims are integrally-related to the federal claims and arise from a common nucleus of operative facts, such that the resolution of all claims herein is in the interests of judicial economy.

13.     The Court has personal jurisdiction over Defendant Ackerman pursuant to Georgia Long Arm Statute because Defendant has committed tortious acts within the state from which the below causes of action arise, and/or have committed tortious actions outside of Georgia with the intent to cause—and in fact caused—injury in Georgia and to Georgia, as explained in more detail below.

14.     Venue is proper in this district and division pursuant to 28 U.S.C. § 1391, 28 U.S.C. § 1400(b).

4

III.   PARTIES

A. Plaintiff Blue Echo Care LLC.

15.      Plaintiff Blue Echo Care LLC is a New York limited liability company with its registered address at 417 E. 6th Street, New York, New York 10009.  Plaintiff does business as Amazon Seller Blue Echo Care.  Mr. Edward Wagner owns Blue Echo Care LLC and operates it with his family.

16.      Plaintiff owns US Trademark Registration No. 6,055,156 (Blue Echo Care logo, depicted below) to protect ear wash devices, ear drops, and related goods.



B. Defendant Christopher Ackerman.

17.      Upon information and belief, Defendant Christopher Ackerman resides at 329 Elmwood Drive, Keyport, New Jersey 07735.  Apparently, Defendant Ackerman owns US Patent Registration No. 10,525,191 ("'191 Patent' or 'Asserted Patent'), which issued on January 7, 2020 and is titled "Ear Canal Irrigation System and Method."  Exhibit 1, (US Patent Registration No. 10,525,191).

IV.   BLUE CARE'S EAR WAX REMOVAL KIT

A. Mr. Wagner and Family Start a Business.

18.     Plaintiff, "Blue Echo Care is committed to providing each customer with the highest standard of customer service."[1]

19.     Mr. Ed Wagner owns and operates Blue Care, which he began in his modest New York micro-apartment in 2018.  His goal was straightforward - help people manage their health needs at home, without having to pay huge insurance premiums.  Like Amazon, he holds a deep-rooted belief that everyone deserves a healthy lifestyle at an affordable cost.

20.     As the company grew, Mr. Wagner moved back to Portland, Oregon to be closer to his sister, mom, and dad.  They began to assist him, and Blue Care truly became a family business.

21.     At the dawn of the coronavirus pandemic, the Wagner's wanted to do everything in their power to help ensure the safety of the hospital and healthcare workers combating the virus.  Plaintiff utilized its manufacturing contacts to import masks, hand sanitizers, wet wipes, gloves into the US.  Thereafter, Plaintiff immediately started donating masks to local Oregon hospitals.  To date, the Wagner's have donated ~4,000 masks and other PPE to

---

[1] https://www.amazon.com/sp?encoding=UTF8&asin=&isAmazonFulfilled=&isCBA=&marketplaceID=ATVPDKIKX0DER&orderID=&seller=A3TDRHV8T2XCK6&tab=&vasStoreID= (last visited Jun. 15, 2020).

local hospitals from their own pockets.

22.      In conjunction with their efforts, Mr. Wagner and his sister started a

charity called Three Little Pigs fund PPE and provide the same into the hands of

people caring for virus-stricken patients.

**B.  Blue Care's Amazon.com Listings.**

23.      Plaintiff Blue Care sells, among other products, ear wax removal kits

under the following Amazon Standard Identification Number ('ASIN'):[2]

B07D7ZCY91, B07DHT2SS6, B07SLKT43X, B07Q59FGCN, B07SKK2SHX, and

B07TYJ3LJF (collectively, "Accused Products"), which are depicted below.

_____

[2] Amazon Standard Identification Numbers (ASINs) are unique
blocks of 10 letters and/or numbers that identify items.  You can
find the ASIN on the item's product information page at
Amazon.com.  For books, the ASIN is the same as the ISBN number,
but for all other products a new ASIN is created when the item is
uploaded to our catalogue.  You will find an item's ASIN on the
product detail page alongside further details relating to the item,
which may include information such as size, number of pages (if it's
a book) or number of discs (if it's a CD).

ASINs can be used to search for items in our catalogue.  If you know
the ASIN or ISBN of the item you are looking for, simply type it into
the search box (which can be found near the top of most pages), hit
the 'Go' button and, if the item is listed in our catalogue, it will
appear in your search results.

http://www.amazon.com/gp/seller/asin-upc-isbn-info.html  (last visited Jul. 8,
2020).



*See* Exhibit 4 – Images, p. 2.

     24.     Plaintiff Blue Care has sold these Accused Products since 2018.

Plaintiff, however, was not the first company to sell such Accused Products.

## V.   ELEPHANT EAR WASHER – "THE ORIGINAL MODEL … SINCE 1997"

25.      Rather, Doctor Easy[3] sells the Elephant Ear Washer ("1997 Washer")

on its website, https://doctor-easy.com/.  According to Doctor Easy –

**The original model! Invented by a physician.** Purchased by medical professionals throughout North America <u>since 1997!</u>



When a General Practice physician needed an efficient, economical way to remove ear wax from his patients, he invented The Elephant Ear Washer! The ELEPHANT is ideal for removing ear wax! No more refilling syringes over and over again to clean a patient's ears. No need to purchase electronic devices that cost hundreds of dollars. The Elephant is effective, economical, and easy to use!

https://doctor-easy.com/collections/elephant-ear-washer/products/elephant-ear-washer#product-detail-tab last visited (Jun. 16, 2020)(emphasis added).

26.      Doctor Easy's 1997 Washer is shown above.  *See* Exhibit 4 – Images,

p. 3.  Doctor Easy protected THE ELEPHANT EAR WASHER name and logo

with US federal trademark protection.  *See* US Trademark Registration Nos.

3417713 and 3417712 (Exhibit 3 - Elephant Ear Trademarks).

---

[3] DOCTOR EASY MEDICAL PRODUCTS, LLC.  *See* US Trademark Registration Nos. 3417713 and 3417712 (THE ELEPHANT EAR WASHER).

27.     In addition to its web sales, the Elephant Ear Washer has been listed on Amazon.com since as early as 2012.  Two versions are shown below.





*Elephant Ear Washer Economy*                    *Elephant Ear Washer*

| | |
|---|---|
| ASIN | B07B68DPMT |
| UNSPSC Code | 50500000 |
| Customer Reviews | ⭐⭐⭐⭐½  415 ratings<br>4.6 out of 5 stars |
| Best Sellers Rank | #8,866 in Health & Household (See Top 100 in Health & Household)<br>#21 in Earwax Removal Products<br>#4,775 in Personal Care Products |
| Date First Available | March 2, 2018 |

---

[4] https://www.amazon.com/Elephant-Washer-ECONOMY-Doctor-Easy/dp/B07B68DPMT/ref=psdc_3779891_t2_B005M2B5P0 last visited (Jun. 16, 2020).

[5] https://www.amazon.com/Elephant-Washer-Bottle-Doctor-Easy/dp/B005M2B5P0/ref=cm_cr_arp_d_product_top?ie=UTF8 last visited (Jun. 16, 2020).

28.     According to Amazon's information, the Elephant Ear Washer Economy has been available since March 2, 2018.  *See* Exhibit 6 - B07B68DPMT Elephant Ear Washer ECONOMY Bottle System by Doctor Easy (depicted above; providing "Date First Available").

29.     And, the Elephant Ear Washer has its earliest Amazon customer reviews in 2017.  *See* Exhibit 5 - B005M2B5P0 Elephant Ear Washer Bottle System by Doctor Easy (depicted below).



★★★★★ **Game-changer**
Reviewed in the United States on September 14, 2017
**Verified Purchase**
I can't believe I forgot to review this. This was a game-changer. Two years ago I was suffering from random waking vertigo and I would get dizzy when bending over to touch my toes pretty consistently. I also started suffering from sinusitis and on some camping trips in the Rocky Mountains my ears would essentially not "pop" when changing elevation causing significant inner-ear pressure. After having blood work done and ruling out other complications and researching symptoms online I suspected an inner-ear issue. I saw several doctors and even an ENT specialist and they all inspected my ears and said I had absolutely no ear wax in my ears. Call it a gut feeling, intuition, whatever, but I just didn't believe them.

30.     Doctor Easy created the 1997 Washer in 1997;[6] according to USPTO records, the first use in commerce occurred in 1997;[7] the Economy version was available on Amazon.com in March 2018;[8] and the Normal version had Amazon

---

[6] https://doctor-easy.com/collections/elephant-ear-washer/products/elephant-ear-washer#product-detail-tab last visited (Jun. 16, 2020).

[7] Exhibit 3 - Elephant Ear Trademarks.

[8] Exhibit 6 - B07B68DPMT Elephant Ear Washer ECONOMY Bottle System by Doctor Easy.

customer review in 2017.[9]

31.     Put another way, objective evidence, which is easily verifiable,

indicates that the 1997 Washer was available before <u>June 12, 2018</u>.

## VI.     THE INVALID US PATENT REG. NO. 10,525,191

32.     Any disclosures before June 12, 2018

serve as prior art to the patent asserted against

Plaintiff.  Prior art, such as the 1997 Washer,

invalidates the asserted patent.

33.     Defendant Ackerman filed US Patent

Appl'n. Ser. No. 16/438,635 on June 12, 2019,

which would later become US Patent Reg. No. 10,525,191.[10]  Exhibit 2 - 16438635

(Image File Wrapper), p. 144.

| (12) | **United States Patent** | | |
| | **Ackerman** | | |
| | | | |
| (54) | **EAR CANAL IRRIGATION SYSTEM AND METHOD** | | |
| (71) | Applicant: | **Christopher Ackerman**, Keyport, NJ (US) | |
| (72) | Inventor: | **Christopher Ackerman**, Keyport, NJ (US) | |
| ( * ) | Notice: | Subject to any disclaimer, the term of this patent is extended or adjusted under 35 U.S.C. 154(b) by 0 days. | |
| (21) | Appl. No.: | **16/438,635** | |
| (22) | Filed: | **Jun. 12, 2019** | |

34.     Under 35 USC 102(a), Defendant Ackerman cannot receive a

registered patent if "the claimed invention was patented, described in a printed

publication, or in public use, on sale, or otherwise available to the public before

the effective filing date of the claimed invention . . . ."

---

[9] Exhibit 5 - B005M2B5P0 Elephant Ear Washer Bottle System by Doctor
Easy.

[10] Exhibit 1 - US10525191.

35.     Here, the 1997 Washer serves as prior art, triggering the on-sale bar. Following, the '191 Patent is invalid, and the Accused Product cannot infringe. Nevertheless, even if the '191 Patent were to be valid, which it is not, Blue Care's Accused Products would still not infringe it.

36.     As an aside, Defendant Ackerman even sells the exact same product as both the 1997 Washer and the Accused Products.



*1997 Washer*                    *Accused Products*                    *Defendant Ackerman's*[11]

37.     Even when presented with this information fatal to the Defendant Ackerman's infringement claims, he continued to press those claims.  That is, Defendant Ackerman then asserted the '191 Patent against Plaintiff for selling its Accused Products with Amazon.  Defendant's tortious actions have resulted in

---

[11] *See* Exhibit 10 - B07744BMB2 Ear Wax Removal Tool Kit *available at* https://www.amazon.com/Ear-Remover-Irrigation-Release-Removal/dp/B07744BMB2 (last visited Jun. 16, 2020).

multiple suspensions, countless hours of resolving, and significant

attorney/consulting fees to Plaintiff.

## VII.    AMAZON.COM, INC.[12]

38.     Amazon.com, Inc. ('Amazon') is the world's largest online retailer.

The Amazon.com platform offers products worldwide.  Amazon is available

solely online at https://www.amazon.com/ (last visited Jul. 8, 2020).

39.     "Amazon provides a platform for third-party sellers ('Sellers') and

buyers ('Buyers') to negotiate and complete transactions. Amazon is not involved

in the actual transaction between Sellers and Buyers . . . ."[13]

40.     Sellers ship goods to various Amazon warehouses across the United

States.  At those warehouses, Amazon stores a seller's inventory and ships goods

out of those warehouses.  Only about half of the states have Amazon

warehouses.  Georgia is one of those states.[14]

41.     To make a purchase, typically, a Buyer searches for a particular item

on Amazon.com or via a mobile application and submits an order.

---

[12] Amazon.com Inc. is the corporation that owns and operates Amazon.com, which is often abbreviated to Amazon.

[13] https://www.sec.gov/Archives/edgar/data/1280998/000104746904006416/a2128948zex-10_19.htm (last visited Dec. 8, 2019).

[14] https://trustfile.avalara.com/resources/amazon-warehouse-locations/atl6/  (last visited Jul. 8, 2020).

42.     Amazon identifies that particular item at one of its many warehouses.  Amazon then fulfills that order by mailing the items to the Buyer.

**A. Selling on Amazon.com Successfully.**

43.     Amazon allows Sellers to offer for sale and sell products on the Amazon.com platform.  Amazon requires that Sellers enter into agreements with it concerning the relationship between it and Sellers, duties and responsibilities of the Sellers, and other policies.[15]

44.     Amazon allows Sellers to sell identical items under the same ASIN. The only factor that separates Sellers of products on the same ASIN is the Seller's goodwill.  Since goodwill is the life blood of any Amazon Seller, the Seller's success or demise can be made or broken by reviews from Amazon Buyers.

45.     Similarly, Sellers often sell identical private-labeled products under different ASINs as is the case here.  *Compare* Defendant Ackerman's ear wax removal kit[16] (depicted below, left) *with* Plaintiff Blue Care's ear wax removal

---

[15] *See, e.g.,* Amazon.com's Participation Agreement *available at* https://www.amazon.com/gp/help/customer/display.html/ref=hp_rel_topic?ie=UTF8&nodeId=1161272 (last visited Dec. 8, 2019); *see also* Amazon.com's Restricted Products *available at* https://www.amazon.com/gp/help/customer/display.html?nodeId=200277040 (last visited Dec. 8, 2019).

[16] Ear Wax Removal Tool Kit - Earwax Remover Irrigation Cleaner and Spray Bottle Flush System for Adults & Kids - Cleaning and Flushing Kit to

kit[17] (depicted below, right).



*Defendant's Kit*                    *Plaintiff Blue Care's Kit*

46.     Negative reviews damage a Seller's brand name and kill sales

because purchasing decisions are largely made after reading reviews left by

others.  Such reviews frequently attack both products and their Sellers.

---

Wash & Clean Dirty Ears - 10 Disposable Tips/Towel/Basin *available at* https://www.amazon.com/Ear-Remover-Irrigation-Release-Removal/dp/B07744BMB2+&cd=1&hl=en&ct=clnk&gl=u (last visited Jul. 8, 2020, cached version).

[17] Cleanse Right 2nd Generation Ear Wax Removal Tool Kit- FDA Approved 1 Bottle of .05OZ Ear Drops! Irrigation Bottle, 20 Disposable Tips, 8 PCS Pick Tool Set, Wash Basin, Bulb Syringe *available at* https://www.amazon.com/Cleanse-Right-Generation-Irrigation-Disposable/dp/B07SLKT43X/ref=sr_1_2?dchild=1&keywords=Cleanse+Right+from+Blue+Echo+Care&qid=1594241321&sr=8-2 (last visited Jul. 8, 2020).

47.     Amazon.com Inc. takes intellectual property infringement cases seriously.  As such, a complaint results in automatic suspension.  Amazon does not review all its automatic suspensions, nor does it intervene in alleged disputes between a Seller and a complainant.

48.     Rather, an accused Seller must resolve any apparent issue with the complainant.  However, complainants often fail to respond to good faith efforts to resolve issues.  Or complainants often ignore evidence and arguments that prove their complaint lacks merit.  In either situation, an accused Seller is left in limbo.  Hence, accused Sellers are left with two options – 1) remain suspended, or 2) seek judicial intervention.

49.     In some cases, Amazon not only suspends an accused offering, it also suspends an accused Seller's entire account regardless of whether the intellectual property complaint applies to the other offerings.

50.     When compared to a brick and mortar store, such as Wal-Mart, the devastating effects of a wrongful intellectual property complaint can be seen.

51.     If an Amazon complainant submits a single-paged intellectual property infringement report, the result is akin to Wal-Mart removing a certain product from all of its shelves.

52.     Often, Amazon may suspend all of an accused Seller's offerings.

This is akin to Samsung having an intellectual property complaint against one television model, then Wal-Mart removes all of Samsung's televisions, stereos, speakers, computers, monitors, printers, cameras, washers, dryers, refrigerators, ovens, dishwashers, microwaves, vacuums, cell phones, tablets, virtual reality devices, wearable smart devices, smart home devices, portable music players, and headphones.

53.     For Samsung, the suspension would only apply at Wal-Mart. However, for many Amazon Sellers, the Amazon.com platform is the only avenue they sell through.

### B. Filing an Infringement Complaint with Amazon.

54.     Amazon's automated IP infringement complaint process is both streamlined and straightforward.[18]  To file one, a purported rights owner populates an online form to suspend a Seller's product listing.

55.     The following information is the only information a complainant must submit to suspend a Seller's listing, and possibly, its account:

-----

[18] https://www.amazon.com/gp/help/reports/infringement  (last visited Jul. 8, 2020).



56.      At the end of the form, a complainant must declare:

57.      "I have a good faith belief that the content(s) described above

violate(s) my rights described above or those held by the rights owner, and that

the use of such content(s) is contrary to law." *Id.*

58.      "I declare, under penalty of perjury, that the information contained

in this notification is correct and accurate and that I am the owner or agent of the

owner of the rights described above." *Id.*

59.      To resume selling after a complaint, Amazon.com normally requires

---

[19] https://www.amazon.com/report/infringement (last visited Jul. 8, 2020).

the rights owner to affirmatively withdraw it through a retraction request.

60.     Should a rights owner refuse to withdraw a complaint, the

Amazon.com Seller's ASIN is suspended so a seller cannot sell goods associated

with that ASIN.  Further, multiple complaints may lead to account suspension.

61.     An account suspension is where Amazon locks a Seller's account so

that it cannot sell *any* item, even those unrelated to the ASIN complained of.

62.     Finally, multiple ASIN or account suspensions may lead to

permanent suspension.

### C. Amazon Utility Patent Neutral Evaluation Program.

63.     Recently, Amazon has implemented a limited, mediation-type of

dispute process that entails more than the straightforward Amazon IP

Infringement Report.  That is, the Amazon Utility Patent Neutral Evaluation

Program aims to resolve utility patent disputes.  In Amazon's words –

> To efficiently resolve claims that third-party product listings infringe
> utility patents, Amazon offers a simple, low-cost procedure called
> Neutral Patent Evaluation. Neutral Patent Evaluation is voluntary,
> confidential, and allows owners of U.S. utility patents or their
> authorized representatives, such as attorneys or exclusive licensees
> ("Patent Owner") to obtain a fast evaluation of patent infringement
> claims against products ("Accused Products"), identified by
> Amazon Standard Evaluation Number, listed by third-party sellers
> ("Sellers") on amazon.com ("Evaluation"). In Neutral Patent
> Evaluation, a neutral evaluator reviews a patent infringement claim
> against third-party product listings on amazon.com. The evaluator
> will make a yes/no decision about whether the patent covers the

product listings. The evaluator may decide that the patent does not cover the product listings because: they do not infringe (i.e., include all elements of the asserted claim); a court has found the patent invalid or unenforceable; or the accused products (or physically identical products) were on sale more than one year before the earliest effective filing date of the patent. Amazon will comply with the evaluator's decision pending any litigation or settlement between the patent owner and third-party sellers.

Exhibit 11 - Amazon Utility Patent Neutral Evaluation Procedure.

## VIII.   DEFENDANT ACKERMAN'S BOGUS COMPLAINTS AND FRAUDULENT UTILITY PATENT NEUTRAL EVALUATION REQUEST

64.      Armed with the invalid '191 Patent, Defendant Ackerman lodged

baseless infringement complaints against Plaintiff Blue Care.  For instance, he

claimed that the following ASINs infringe:

> ASIN: B07DHT2SS6
> Title: Cleanse Right Ear Wax Removal Kit- 20 Disposable Tips! - Safe, Easy to Use - Cleaner Tool to Remove Ear Blockage - Irrigation Device for Adults, Kids
> ASIN: B07SLKT43X
> Title: Cleanse Right 2nd Generation Ear Wax Removal Tool Kit- FDA Approved 1 Bottle of .05OZ Ear Drops! Irrigation Bottle, 20 Disposable Tips, 8 PCS Pick Tool Set, Wash Basin, Bulb Syringe
> ASIN: B07Q59FGCN
> Title: Cleanse Right Ear Wax Removal Kit- 30 Disposable Tips! with 8 PCS Pick Removal Set, Wash Basin and Syringe! - Safe and Easy Cleaner Tool to Remove Ear Blockage - Irrigation Device for Adults and Kids
> ASIN: B07D7ZCY91
> Title: Cleanse Right Ear Wax Removal Kit- 20 Disposable Tips! with Wash Basin and Syringe - Safe, Easy to Use - Cleaner Tool to Remove Ear Blockage - Irrigation Device for Adults and Kids

*See* Exhibit 7, p. 1 - Amazon Patent Infringement Reports (Complaint ID:

6727864001).

> ASIN: B07Q59FGCN
> Title: Cleanse Right Ear Wax Removal Kit- 30 Disposable Tips! with 8 PCS Pick Removal Set, Wash Basin and Syringe! - Safe and Easy Cleaner Tool to Remove Ear Blockage - Irrigation Device for Adults and Kids
> ASIN: B07D7ZCY91
> Title: Cleanse Right Ear Wax Removal Kit- 20 Disposable Tips! with Wash Basin and Syringe - Safe, Easy to Use - Cleaner Tool to Remove Ear Blockage - Irrigation Device for Adults and Kids
> ASIN: B07DHT2SS6
> Title: Cleanse Right Ear Wax Removal Kit- 20 Disposable Tips! - Safe, Easy to Use - Cleaner Tool to Remove Ear Blockage - Irrigation Device for Adults, Kids
> ASIN: B07SLKT43X
> Title: Cleanse Right 2nd Generation Ear Wax Removal Tool Kit- FDA Approved 1 Bottle of .05OZ Ear Drops! Irrigation Bottle, 20 Disposable Tips, 8 PCS Pick Tool Set, Wash Basin, Bulb Syringe

*See* Exhibit 7, p. 2 - Amazon Patent Infringement Reports (Complaint ID:

6735193371).

65.      The very next month, Defendant Ackerman filed an Amazon Utility

Patent Neutral Evaluation Agreement against many sellers, including Plaintiff.

Exhibit 8 - Amazon Utility Patent Neutral Evaluation Agreement.  Defendant

Ackerman alleged that five of Plaintiff Blue Care's ASINs contain infringing

products.  *See* Exhibit 8, p. 3 - Amazon Utility Patent Neutral Evaluation

Agreement (B07D7ZCY91, B07SLKT43X, B07Q59FGCN, B07SKK2SHX,

B07TYJ3LJF).

66.      Nevertheless, after Plaintiff confronted Defendant, and knowing

that the patent infringement claims against Plaintiff were bogus, Defendant

Ackerman withdrew his complaints –

| | |
|---|---|
| **Perfect Cuts And Miters** <perfectcutsandmiters@gmail.com><br>To: Ed Wagner <edward.david.wagner@gmail.com> | Tue, Feb 11, 2020 at 7:56 PM |
| Hello Ed, at this time I have retracted my complaint for the ASINs you have referenced. | |

Exhibit 9, p. 30 - Defendant Ackerman's email String.

67.      In response, the Amazon.com Neutral Patent Evaluation Team

notified Plaintiff that Defendant Ackerman withdrew his claims –

Hello,

We have been notified by the patent owner of Neutral Patent Evaluation case 6737765231, that they have retracted their complaint against ASINs B07Q59FGCN, B07D7ZCY91, B07SKK2SHX, B07TYJ3LJF, B07SLKT43X.  If you were notified of additional accused ASINs, you should proceed as outlined in our previous instructions to you with respect to those other additional ASINs. If there were no other additional accused ASINs, Amazon considers this matter closed and no further action is needed on your part.

Best Regards,

Neutral Patent Evaluation Team
Amazon.com

Exhibit 9, p. 30 - Defendant Ackerman's email String.

## IX.   DEFENDANT'S FALSE DECLARATIONS TO AMAZON.COM, INC.

68.      Defendant's patent infringement claims are baseless and violate his

declarations made to Amazon.com, Inc. when Defendant filed his reports –

> I have a good faith belief that the content(s) described above
> violate(s) my rights described above or those held by the rights
> owner, and that the use of such content(s) is contrary to law.

> I declare, under penalty of perjury, that the information contained in
> this notification is correct and accurate and that I am the owner or
> agent of the owner of the rights described above.[20]

69.      Nevertheless, as a result of Defendant's fraudulent Amazon

Complaints, Amazon suspended Plaintiff's Accused Products so that they

were/are no longer available to Amazon.com customers.

70.      Defendant's fraudulent and bad-faith complaints, and his resulting

suspension, have materially affected potential purchasers because they no longer

---

[20] *See* Amazon's Report Infringement Form *available at*
https://www.amazon.com/report/infringement (last visited Jul. 7, 2020).

had the option to purchase authentic Blue Care products.

71.     Additionally, as a result of Defendant's fraudulent and bad-faith complaints, Blue Care has suffered extensive loss of sales, loss of goodwill, and exposure to frozen assets.

## X.     EXTRAORDINARY CIRCUMSTANCES

72.     Defendant's bogus complaints, refusal to timely withdraw in the face of fraud, and sales timing have accomplished their **intended** effects – unfairly destroy his competition.

### A.  Defendant Received an Injunction Preventing Blue Care Sales by Submitting False Claims of Patent Infringement and Abusing Amazon's Patent Evaluation Program.

73.     For instance, despite Blue Care's pre-suit resolution efforts, which evidences Defendant's meddling, he refused to withdraw the fraudulent complaints.  Defendant's fire and forget complaint tactics have devastated Plaintiff Blue Care and inflicted irreparable damages.

74.     Defendant's actions have resulted in Plaintiff's suspended listings, lost sales, potential account cancelations, frozen funds, and stranded assets on Amazon.com.

### B.  Blue Care Suffers Immeasurable Lost Sales.

75.     Blue Care suspensions spanned over the busy shopping season due

24

to Defendant's lack of good faith.

**C. Defendant's Exploits Result in a Temporary Restraining Order and Preliminary Injunction.**

76.     To date, Defendant refuse to withdraw any complaints.  Such a stubborn stance is particularly egregious as all negative actions are bogus and unsupported.

77.     Upon information and belief, Defendant has attempted to eliminate their competition by utilizing the online Amazon infringement report and force them to stop competing without any non-judicial recourse.

78.     Each day that passed resulted in increased damages

79.     By failing to cooperate and resolve the complaints, and despite repeated requests, Defendant has effectively and unfairly received a preliminary injunction leaving Blue Care without recourse.  That is, Blue Care was temporarily restricted from selling its Accused Product on Amazon.  Further, Defendant are unfairly preventing Blue Care from curing any potential infringement.

80.     To put the severity of their action into perspective, a comparison of this complaint to a district court action is necessary.  Before a court, a preliminary injunction is a drastic and extraordinary remedy that is infrequently granted in patent infringement actions.  *See U.S. Pharm. Corp. v. Trigen Labs., Inc.*, No. 1:10–

cv–0544–WSD, 2011 U.S. Dist. LEXIS 13637, at *18 (N.D. Ga. Jan. 27, 2011).  A

party seeking temporary or preliminary injunctive relief must establish that:  (1)

there is a substantial likelihood that the movant will prevail on the merits; (2) the

movant will suffer irreparable injury if the relief is not granted; (3) the threatened

injury outweighs the harm the relief would inflict on the opposing party; and (4)

if granted, the injunction would not be adverse to the public interest.  *See Polymer*

*Techs., Inc. v. Bridwell*, 103 F.3d 970, 977 (Fed. Cir. 1996)(emphasis added); *Skillern*

*v. Ga. Dep't of Corr.*, Civ. Act. No. 1:05-cv-2629, 2006 U.S. Dist. LEXIS 81878, at *15

(N.D. Ga. Nov. 7, 2006).

81.     Moreover, a permanent injunction is only permissible after a final

judgment, which occurs at the end of a litigation case.  Once a guarantee after

winning a patent case, the Supreme Court recently ruled that permanent

injunctions are no longer automatic.  Rather, a successful plaintiff must prove

that (1) it will suffer an irreparable injury; (2) remedies available at law are

inadequate to compensate for that injury; (3) the balance of hardships between

the parties favors the plaintiff; and (4) the public interest would not be disserved.

*eBay Inc. v. MercExchange, L.L.C.*, 547 U.S. 391 (2006).

82.     Both types of injunctive relief usually require overcoming high

burdens of proof, providing adequate evidentiary support, and offering

supporting expert testimony.

83.     Contrastingly, here, Defendant has presumably filled out a single infringement form . . . **with false information**.

https://www.amazon.com/gp/help/reports/ infringement (last visited Jul. 8, 2020).  With no further evidence and no opportunity to respond, Defendant Ackerman have effectively received injunctive relief without proving the need for such relief.

### D. Defendant's Ongoing Crimes Endanger Plaintiff's Livelihood.

84.     At of the time of this filing, Defendant Ackerman has not retracted his complaints.  As a result, Blue Care's Amazon account is "at risk of deactivation."

## XI.   DEFENDANT FORCED BLUE CARE TO SEEK JUDICIAL INTERVENTION.

85.     Because of Defendant's abovementioned atrocities, Plaintiff's causes of action include declaratory relief that it does not infringe an invalid and unenforceable asserted patent.  Similarly, Plaintiff seeks declaratory relief that its registered patent is invalid because of endless prior art references, and if the patent remains valid, that Plaintiff is not liable for infringement.

86.     Additionally, Defendant abhorrent behavior results in liability for violations of tortious interference with contractual and business relations; and

other related causes of action.

87.      By filing Amazon Complaints and ignoring any resolution efforts,

Defendant successfully shuttered an entire business without presenting any

evidence, providing any details, or expending more than five minutes to do so.

88.      Despite incrementally escalating Blue Care resolution efforts,

Defendant's many failures have forced Blue Care to turn to judicial intervention.

**XII.   CLAIMS**

**A. COUNT I:  US Patent Registration No. 10,525,191
     Declaratory Judgment of Invalidity.**

89.      Blue Care re-alleges Sections I-VI, and X of this Complaint as if set

forth in full herein.

90.      An actual and justiciable controversy exists between Blue Care and

Defendant as to the validity of the '191 Patent.

91.      The claims of those patents are invalid for failure to meet one or

more of the requirements of patentability set forth in 35 U.S.C. §§ 101 *et seq.*,

including, but not limited to, §§ 101, 102, 103 and 112.

92.      Additionally, the Accused Product is a straightforward ear wax

cleaning device.  Therefore, if the Accused Product infringes the '191 Patent, the

unidentified patent lacks novelty under 35 U.S.C. § 102 and is rendered obvious

by multiple prior art references pursuant to 35 U.S.C. § 103.

93.      Pursuant to the Declaratory Judgment Act, 28 U.S.C. § 2201, Blue

Care is entitled to and hereby move the Court for a judgment declaring that such

claims are invalid for failure to comply with one or more requirements for

patentability under the patent laws of the United States, including, but not

limited to, 35 U.S.C. § 101, 102, 103, 112, 113, 115 and/or 116.  Further, such

claims are invalid for want of novelty and obviousness.

29

## B.  COUNT II:  US Patent Registration No. 10,525,191
   Declaratory Judgment of Non-Infringement.

94.     Blue Care re-alleges Sections I-VI and VIII-X of this Complaint as if set forth in full herein.

95.     An actual and justiciable controversy exists between Blue Care and Defendant as to the infringement of the '191 Patent.

96.     Blue Care manufactures, sells, and offers to sell its Accused Product in the United States have not infringed, contributed to the infringement of, or induced infringement of any valid and enforceable claim of the '191 Patent.

97.     The allegations of patent infringement by Defendant has placed a cloud over Blue Care business and are likely to cause Blue Care to lose revenues and business opportunities.  Defendant's actions and assertions, therefore, will likely cause irreparable injury to Blue Care.

98.     Blue Care is entitled to a judgment declaring that the '191 Patent is not infringed by Blue Care's Accused Product.

## C.  COUNT III:  Unfair Competition.

99.     Blue Care re-alleges Sections I-VIII, and X of this Complaint as if set forth in full herein.

100.     Defendant filed complaints with Amazon.com, Inc. against Blue Care alleging patent infringement of the '191 Patent.

101.     Defendant failed to provide any information concerning the complaints and ignored all resolution efforts.

102.     By filing incomplete, bogus complaints, Defendant has unfairly disadvantaged Blue Care.

**D. COUNT IV:  Tortious Interference with Business Relationship.**

103.     Blue Care re-alleges Sections I-XI of this Complaint as if set forth in full herein.

104.     Blue Care has a valid contract with Amazon.com, Inc.

105.     Defendant sell on Amazon.com and knew or should have known of Blue Care contract with Amazon.com, Inc.

106.     Defendant filed his Patent Infringement Complaints knowing that the '191 Patent was invalid and unenforceable.

107.     Defendant filed his Amazon Patent Neutral Evaluation knowing that the '191 Patent was invalid and unenforceable.

108.     Defendant has acted with a direct or 'specific' intent to injure Plaintiff.

109.     Defendant's improper conduct in submitting false infringement reports with whom Plaintiff has ongoing contracts and business relations.

110.     Defendant intentionally interfered with Blue Care business

expectancy with Amazon.com, Inc. and its customers.  In an effort to interfere

with the Blue Care economic relations, Defendant contacted Amazon.com to

allege that Blue Care was infringing the '191 Patent.

111.    Upon information and belief, Defendant knew and intended that by

making such an allegation, Amazon.com would immediately remove Blue Care

listings from its website and prohibit it from selling the Accused Products until

the allegations of infringement were resolved.

112.    Defendant intentional interferences with Blue Care contract was

unjustified. Defendant used improper means, acted in bad faith in intentionally

interfering with Blue Care contract with Amazon.com, Inc.  Defendant's

allegations of patent infringement by Blue Care to Amazon.com were knowingly

false, was an improper means, and was done with the intent to interfere with the

Blue Care current and prospective economic relations, especially during a

high-volume selling season.

113.    Defendant has acted in objective and subjective bad faith by

having wrongful complaints filed and refusing to resolve or withdraw them.

114.    Despite its knowledge, Defendant's failure to act in good faith

have caused damages to Blue Care business relationships with Amazon.com

and their customers.  As a direct and proximate result, Blue Care has been

damaged by Defendant's tortious interferences with Blue Care contract with

Amazon.com, Inc. in an amount to be proven at trial.

## DEMAND FOR JURY TRIAL

Blue Care demands a trial by jury under Federal Rule of Civil Procedure 39 for all issues triable by jury.

## PRAYER FOR RELIEF

WHEREFORE, Plaintiff Blue Care prays that this Court

- enter judgment in favor of Plaintiff Blue Care and against Defendant for all counts;

- enter a declaratory judgment that Defendant's '191 Patent is invalid and unenforceable;

- enter a declaratory judgment that Blue Care has not infringed in any way the '191 Patent;

- find and enter and order that Defendant's conduct amounts to an exceptional case and award Blue Care its costs and attorneys' fees;

- enjoin Defendant, their agents, servants, employees and attorneys, and all those in active participation or privity with any of them, from charging Blue Care or its agents, distributors, or customers with infringement of the '191 Patent, and from otherwise using the 191 Patent to interfere in any way with Blue Care manufacture, use, offer for sale, or sale of the Accused Products;

- award Blue Care damages for injuries they incurred from Defendant's unfair competition;

- award Blue Care actual, consequential, and punitive damages caused by Defendant's intentional and tortious interference with the Blue Care contract and/or business expectancy with Amazon.com, Inc.;

- award costs and expenses to Blue Care;

- award Blue Care pre- and post-judgment interest and costs on all damages; and

- award Blue Care such other and further relief as the Court deems just and proper, premises considered.

-----------------*Signature Page Follows*-----------------

## JURY TRIAL DEMANDED

Pursuant to Federal Rule of Civil Procedure 38, Plaintiff hereby demands a

trial by jury on all issues so triable.

By: _____

Jeffrey T. Breloski, Trial Counsel
Georgia Bar No. 858291
Florida Bar No. 18077
USPTO Reg. No. 60,952
E-mail: jbreloski@ATLawip.com

ATLawip LLC
1265 Stuart Ridge
Johns Creek, Georgia 30022
678.667.3491

*Attorney for Plaintiff*

## <u>CERTIFICATE OF COMPLIANCE</u>

Pursuant to LR 7.1D, the undersigned counsel certify that the foregoing has been prepared in Book Antiqua 13 point, one of the four fonts and points approved by the Court in LR 5.1C.

By: _____

Jeffrey T. Breloski, Trial Counsel
Georgia Bar No. 858291
Florida Bar No. 18077
USPTO Reg. No. 60,952
E-mail:  jbreloski@ATLawip.com